UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal Case No. |
| Plaintiff, | ) | 5:10-75-JMH-REW |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION AND ORDER** |
| LAQUINT MCARTHUR STRAWDER, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*

Defendant Laquint McArthur Strawder has written to the Court, requesting that he receive the benefit of the changes made to the crack cocaine quantities necessary to trigger the mandatory minimums contained in 21 U.S.C. § 841 by the Fair Sentencing Act of 2010 (the "FSA"), which became effective on August 3, 2010. The Court construes his letter as a Motion made pursuant to 18 U.S.C. § 3582(c). Having considered his Motion, relief is **DENIED** as set forth below.

**I.**

Pursuant to a plea agreement with the United States, on October 1, 2010, Defendant pled guilty to one count of distribution of fifty grams or more of a substance containing a detectable amount of cocaine base (crack cocaine) in violation of 21 U.S.C. § 841(a)(1), all in violation of 21 U.S.C. § 846 (Count One of the Indictment), and one count of distribution of

a substance containing a detectable amount of cocaine in violation of 21 U.S.C. § 841(a)(1) (Count Eight of the Indictment) [DE 1, 64].  As alleged in the Indictment, the conduct to which Defendant pled guilty began on or about January 1, 2008, and continued through on or about May 1, 2010, the exact dates unknown (Count One), and on or about December 17, 2009 (Count Eight) [DE 1].  Pursuant to 21 U.S.C. § 851, the United States filed notice regarding Defendant's prior felony drug convictions, subjecting Defendant to an enhanced sentence pursuant to 21 U.S.C. § 841(a)(1) [DE 22].  At Defendant's rearraignment, the Court accepted the plea agreement reached between the United States and Defendant in which Defendant waived his right to appeal and collaterally attack his guilty plea, conviction, and sentence, unless the Court sentenced Defendant to a term of imprisonment above the Guideline range [DE 66].  On January 13, 2011, Defendant was sentenced to 120 month of imprisonment on Count One and 120 months of imprisonment on Count 8, to be served concurrently for a total term of 120 months imprisonment, followed by a term of three years of supervised release on each count to be served concurrently, for a total term of three years [DE 114, 117].

**II.**

Congress enacted the FSA to reduce the sentencing disparity between offenses involving powdered cocaine and crack cocaine.

2

Specifically, the FSA increased the drug quantities necessary to trigger mandatory minimum sentences under 21 U.S.C. § 841(b). Prior to August 3, 2010, the effective date of the FSA, the amount of cocaine necessary to bring the statutory mandatory minimum sentences into play was based on a 100:1 ratio of crack vs. powder cocaine. For crack cocaine, the FSA increased the amount required to trigger 21 U.S.C. § 841(b)(1)(A)'s mandatory life sentence from 50 to 280 grams. Thus, under the FSA, Defendant would no longer be subject to a mandatory minimum sentence of life imprisonment as to Count One, his more significant charge. Rather, as to Count One, his mandatory minimum sentence would be ten years imprisonment under 21 U.S.C. § 841(b)(1)(B).

In *Dorsey v. United States*, 132 S.Ct. 2321, 2335 (2012), the Supreme Court held that "Congress intended the Fair Sentencing Act's new, lower mandatory minimums to apply to the post-Act sentencing of pre-Act offenders." Thus, the FSA applies to offenders who, like Defendant, committed a crack cocaine offense before August 3, 2010, the effective date of the FSA, but were not sentenced until after August 2, 2010. *Id*.

Since Strawder committed the acts for which he was convicted between January 2008 and May 1, 2010, before the FSA was enacted, but was sentenced after the FSA was enacted based on the pre-FSA mandatory minimum, he is entitled under *Dorsey v.*

3

*United States*, 132 S. Ct. 2321, 2328-29 (2012), to be resentenced based on the mandatory minimums as contained in the FSA.

However, when the late United State District Judge Karl S. Forester sentenced Defendant Strawder in 2011, he elected to depart downward from the 132 months recommended by the Government and gave Defendant a sentence of 120 months, the same as the new statutory minimum. As such, while the Court recognizes the applicability of the FSA in this instance, no further relief is due.

Accordingly, **IT IS ORDERED** that Defendant Strawder's Motion is **GRANTED IN PART** and **DENIED IN PART**.

This the 3rd day of October, 2014.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge